UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEVIN RAZZOLI, PHILIP BARRIOS,
DAVID SUNDAY, JOSEPH BARRAFATO,
ANOTHONY SCALFINE, and MILTON
MORALES,

                            Plaintiffs,

       -against-

EXECUTIVE OFFICE OF U.S. MARSHALS,
EXECUTIVE OFFICE OF F.B.I., EXECUTIVE
OFFICE OF FEDERAL BUREAU OF PRISONS,
and UNKNOWN FEDERAL AGENTS,

                          Defendants,
------------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM & ORDER
10-CV-4269 (CBA)

AMON, United States District Judge:

Plaintiff Kevin Razzoli ("Razzoli"), who is currently incarcerated at the Metropolitan Detention Center ("MDC"), bring this *pro se* Civil Rights Complaint, ostensibly as a "class action" on behalf of himself, five other named plaintiffs (the "additional plaintiffs"), and "known + unknown fed. + military inmates et al." Razzoli's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the complaint is dismissed with respect to the United States Marshals Service, the Federal Bureau of Investigations, and the Bureau of Prisons (the "agency defendants") with leave to submit an amended complaint within 30 days from the date of this Order.

## BACKGROUND

Plaintiff Kevin Razzoli is a frequent litigator in this Court and other District Courts, and his litigation history was previously summarized in Razzoli v. US Parole Commission, et al., No. 10-CV-1842 (CBA) (docket no. 16). The instant case seeks certification as a class action

pursuant to Rule 23 of the Federal Rules of Civil Procedure and includes the names and signatures of Philip Barrios, David Sunday, Joseph Barrafato, Anothony Scalfine, and Milton Morales, other inmates housed at the MDC. These additional plaintiffs have not filed applications to proceed *in forma pauperis* or the prisoner authorizations required under the Prison Litigation Reform Act.

The complaint alleges that the MDC limits inmates' access to the courts by only permitting two and one-half to three hours per week of monitored legal research, including typewriter access, and by not providing carbon paper. The complaint alleges that this "violates 'spy in the camp' rule or creating a conflict of interest." (Compl. at 9.)[1] The MDC is alleged to have employed "'Mkultra/Bluebird' now known as 'chirp'" and data-mining techniques using "thermal gamma imagetry equiptment" [*sic*]. (Compl. at 11.) The complaint also alleges that the "computer law library does not list judges' opinions correctly and court decisions are altered in some cases dealing with BOP, US Marshals and other DOJ agencies." (Compl. at 18.)

The complaint further alleges that plaintiffs "have been denied Sunday mass by Protestant and Jewish chaplain(s)[;] i.e.: manditory [*sic*] Sunday Catholic mass." (Compl. at 18.) In addition, the complaint alleges that each of the original named plaintiffs has attempted to resolve different problems through administrative remedies, but has received no response. (Compl. at 13, 16.) Plaintiff Razzoli alleges that his warrant application incorrectly listed his race as "Black" and that the MDC "has tried to say he has mental problems without court hearing or N.Y. State licensed psyc[h]ologist." (Compl. at 10; see also Compl. at 18.) He further alleges

---

[1] As the complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing System.

2

that : "Razzoli . . . is being arbitrarily denied visits and access to e-mail by not allow[ing] such to leave institution to attorney and future wife. . . . Denied to have children against Catholic rights and Sunday mass." (Compl. at 17.) Inmate David Sunday is alleged to have been arrested on the basis of false statements by government informants or agents. (Compl. at 12.) Inmate Philip Barrios arrived at MDC on March 29, 2010, "and his 'halfway house' paperwork 10% date has 'not' been started nor attempt to be started, which violates 'court's ruling and BOP 13 month policy.'" (Compl. at 13.) Inmate Anthony Scalfini was "denied to be housed with his 'co-defendants' to marshal a proper defense." (Compl. at 14.) Inmate Milton Morales claims to have a valid actual innocence claim for a pending writ of habeas corpus. (Compl. at 15.)

The complaint seeks a series of injunctions, including: "Injunction and appointment of lawyer" (Compl. at 9), "injunction . . . for Catholic Sunday mass and release" (Compl. at 10), "injunction . . . to cease and desist" (Compl. at 11), "injunction pursuant to 28 U.S.C. § 1331" (Compl. at 16, 17), "injunction to cease religious genocide/Catholic mass on Sunday(s) and [manditory] [*sic*] observance of Catholic Church" (Compl. at 19). It also seeks $10 million in damages (Compl. at 12), access to law library typewriters and legal books, trial by jury, discovery, monetary damages, and an "end to mkultra/now known a[s] chirp/ and cowboy program/SERE program" (Compl. at 19).

Finally, the complaint seeks class certification, citing Rule 23(b) and "class action case law, Carter v. Ridge, 1997 U.S. Dist. LEXIS 20516." The cited case held that: "a class action should not be maintained by *pro se* litigants who cannot adequately represent and protect the interests of the class, Fed.R.Civ.P. 23(a)(4), but also because, even if plaintiffs had counsel, the court does not believe that they can now describe with any specificity the actual parameters of a

class which shares common questions of law or fact. Fed.R.Civ.P. 23(a)(2)." Carter v. Ridge, No. CIV. A. 97-5414, 1997 WL 792967, at *3 (E.D.Pa. Dec. 19, 1997).

DISCUSSION

A. **Standard of Review**

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

B. **Class Action Certification**

Plaintiffs seek class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. "[B]ecause *pro se* means to appear for one's self, a [*pro se* litigant] may not appear on another person's behalf." Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998); see also Daniels v. Niagara Mohawk Power Corp., No. 04-CV-734S (SC), 2004 WL 2315088, at *1 (W.D.N.Y. Oct. 12, 2004) ("[N]on-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others."). Thus, "[i]t is well settled in this circuit that *pro se* plaintiffs cannot proceed as class representatives." McLeod v. Crosson, No. 89 Civ. 1952, 1989 WL 28416,

at *1 (S.D.N.Y. Mar. 21, 1989); see also Johnson v. Newport Lorillard, No. 01 Civ. 9587 (SAS), 2003 WL 169797, at *1 n.4 (S.D.N.Y. Jan. 23, 2003) ("It is plain error for a *pro se* inmate to represent other inmates in a class action." (quotation omitted)). Accordingly, plaintiffs' request for class certification is denied.

### C. Plaintiffs Barrios, Sunday, Barrafato, Scalfini, and Morales

Although inmates Barrios, Sunday, Barrafato, Scalfini, and Morales signed the complaint, they did not file applications to proceed *in forma pauperis* or prisoner authorization forms. 28 U.S.C. § 1915(a)(2) and (b)(1) requires a "prisoner" to file an *in forma pauperis* application and a copy of his prisoner authorization form, and to pay the filing fee. Where there are multiple prisoner plaintiffs, each must comply with the above cited provisions. See Amaker v. Goord, No. 09-CV-0396A(Sr), 2009 WL 1586560, at *2 (W.D.N.Y. June 04, 2009) (citing cases).

Accordingly, the Clerk of the Court is directed to forward to each of plaintiffs Barrios, Sunday, Barrafato, Scalfini, and Morales an application to proceed *in forma pauperis* and a prison authorization form. Plaintiffs Barrios, Sunday, Barrafato, Scalfini, and Morales are directed to submit within 30 days separate applications to proceed *in forma pauperis* and separate prison authorization forms. Failure to comply with this order will result in the dismissal of the additional plaintiffs' claims.

### D. Improper Defendants

Civil actions alleging violations of constitutional rights are cognizable under 42 U.S.C. § 1983 if defendants are state actors and pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), when defendants are federal agents. As plaintiffs are presently incarcerated in a federal facility, and as plaintiffs name as defendants federal

agencies and "unknown federal agents," the Court construes the complaint as raising claims pursuant to Bivens. The agency defendants named in the Complaint, however, are not amenable to suit. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Plaintiffs' Bivens claims must be brought against the individual officials responsible for the alleged deprivations of rights, not against the federal government or the agencies where they are employed. Accordingly, the offices of the United States Marshals Service, the Federal Bureau of Investigations, and the Bureau of Prisons are dismissed as defendants.

**E. Claims by Plaintiff Razzoli**

Plaintiff Kevin Razzoli[2] alleges constitutional claims arising from the alleged impairment of his access to the prison law library and the alleged denial of access to catholic mass.[3] With respect

---

[2] To the extent plaintiffs other than Kevin Razzoli intended to bring the following claims, any amended complaint should so specify.

[3] Razzoli's claims regarding his ongoing incarceration are barred by Heck v. Humphrey, 512 U.S. 477 (1994), as applied to Bivens actions by Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995), and are accordingly dismissed. Under Heck, a prisoner is not allowed to pursue a claim for money damages where success on that cause of action would necessarily imply the invalidity of his confinement. Heck, 512 U.S. at 486-87. "Federal courts have held that Heck applies to . . . actions that challenge the fact or duration of confinement based on the revocation of parole." Davis v. Cotov, 214 F. Supp. 2d 310, 316 (E.D.N.Y. 2002) (collecting cases). Accordingly, Razzoli's claims arising from the revocation of his parole are dismissed. Plaintiff Razzoli is, of course, entitled to challenge the fact of his confinement pursuant to a writ of habeas corpus, as indeed Razzoli has done in this instance. See Razzoli v. US Parole Commission, et al., No. 10-CV-1842 (CBA).
Likewise, Razzoli's claims regarding "mKultra/Bluebird" and the use of "Thermal Gamma Imagetry Equiptment [sic]" are devoid of merit and are accordingly dismissed. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A finding of] factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them."); see also Razzoli v. United States Navy et al., No. 09 Civ. 4323, 2010 WL 1438999, at *3 (S.D.N.Y. Apr. 12, 2010) (finding inter alia, that petitioner's allegations that the government used thermal

to Razzoli's claims involving the prison law library, Razzoli alleges that the MDC has impaired his access to the courts by limiting and monitoring library time and typewriter and computer access. The Constitution guarantees prisoners meaningful access to the courts, and one way of achieving that end is through reasonable access to a law library. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 825-28 (1977); Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987). However, the Constitution does not require unlimited and unsupervised access to a law library at the demand of a prisoner. Prison officials may impose reasonable restrictions on the use of a prison law library. See Lewis, 518 U.S. at 351-52; Morello, 810 F.2d at 347 (inmates' access to courts may be "shaped and guided by the state"); Jermosen v. Coughlin, No. 89 Civ. 1866, 1995 WL 144155, at *5 (S.D.N.Y. Mar. 30, 1995) ("[I]nterferences that merely delay an inmate's ability to work on a pending cause of action or to communicate with the courts do not violate this constitutional right.").

To state a claim for denial of access to the courts, a plaintiff must allege that the defendant "took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997) (quoting Lewis, 518 U.S. at 351). The plaintiff must also show that the defendant's actions resulted in actual injury, "such as the dismissal of an otherwise meritorious legal claim." Cancel v. Goord, No. 00 Civ. 2042, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001); see also Lewis, 518 U.S. at 351-52; Monsky, 127 F.3d at 2467 (2d Cir. 1997). Here, Razzoli does not allege any facts pertinent to the injury he may have suffered.

With respect to Razzoli's claim regarding the denial of access to a religious service, his

---

gamma imagery to sterilize him are frivolous).

allegation that he was "denied Sunday mass by protestant and Jewish chaplain(s)" is conclusory. The complaint, however, could be asserting a claim under the First Amendment's Free Exercise Clause.

In light of the plaintiff's *pro se* status, the Court grants leave to amend the Complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that if a liberal reading of a complaint "gives any indication that a valid claim might be stated," a court should grant leave to amend the complaint before dismissing). The amended complaint must name proper defendants who may be held liable for the alleged impairment of access to the prison law library and the denial of access to Catholic mass. Even if Razzoli does not know the names of these individuals, he may name them as John Doe Correctional Officer or Jane Doe Chaplain or the like. He should include as much identifying information as possible, including the positions and roles of the officials involved, and should specify how each defendant may have violated his rights with respect to his claims. The complaint should also include allegations of fact regarding the alleged violations, such as the dates on which Razzoli was allegedly denied religious worship and whether he filed administrative grievances regarding such denial.

## CONCLUSION

For the reasons stated, Razzoli's request to proceed *in forma pauperis* is granted. Plaintiffs' request for class certification is denied. Plaintiffs Barrios, Sunday, Barrafato, Scalfini, and Morales are directed to submit within 30 days separate applications to proceed *in forma pauperis* and separate prison authorization forms. Failure to comply with this order will result in the dismissal of the additional plaintiffs' claims. As to the agency defendants, the complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A, but plaintiffs are granted leave to file within 30

days an amended complaint in accordance with this Order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
December __, 2010