UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------------X
KEVIN RAZZOLI,

                Plaintiff,

-against-

US PAROLE COM'N; USPO(s) OLIVARES
(SDNY); USPO VIRGINIA LINARES (SDNY);
PSYCHOLOGY DEPT. MDC BROOKLYN; DR.
COHEN (BOP STAFF), Official & Unofficial
Capacity; STATE OF NEW YORK; CITY OF
NEW YORK, BUREAU OF INTEGRITY;
UNKNOWN GOV'T AGENTS (State & Federal);
KNOWN & KNOWN CITY OF NEW YORK
WORKERS (Hunts Point Mkt); ALL
UNKNOWN PHONE CARRIERS;
SUSQUEHANA HEALTH SYSTEMS, Muncy
PA; MUNCY REGIONAL MEDICAL CENTER,
Muncy PA,

                Defendants,
------------------------------------------------------------X

**MEMORANDUM & ORDER**

10-CV-4269 (CBA)

AMON, Chief United States District Judge:

Plaintiff Kevin Razzoli and five other inmates at the Metropolitan Detention Center ("MDC"), filed the above-captioned *pro se* action on August 2, 2010. The Court granted Razzoli's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and gave him two opportunities to submit an amended complaint. Razzoli submitted an amended complaint on December 29, 2010 and a "Letter of Clarification" on August 11, 2011. Neither submission cures the deficiencies in the original complaint; accordingly, the case is dismissed.

**Background**

Razzoli's extensive litigation history was previously summarized in Razzoli v. US Parole Commission, et al., No. 10-CV-1842 (CBA) (docket entry 16). The Court construed the instant action as being brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics, 403 U.S. 388 (1971), which permits civil rights actions against federal agents. In its Orders dated December 2, 2010 and August 2, 2011, the Court dismissed the majority of plaintiff's claims and some of the named defendants. In light of Razzoli's *pro se* status, the Court twice permitted him to re-plead his claims regarding his access to Catholic religious services. The Court's August 2, 2011 Order specifically directed him to identify the individuals responsible for the alleged denial of religious services and to specify the acts or omissions of each individual defendant resulting in the alleged denials.

The recent "Letter of Clarification" is not responsive. It raises various nonspecific allegations about "other alleged crimes," "COINTELPRO/MKULTRA PROGRAM," a requested surgical procedure in Venezuela, "AGENT/RATS actions causing financial harm to Plaintiff," and "FALSE PSYC REPORTS BY DR> COHEN, NON-LIC. NY.S TATE PSYCOLOGIST" [*sic*]. The only claims that may be vaguely related to plaintiff's First Amendment rights are: "Denial of ROMAN CATHOLIC MASS for over 15 Months in MDC BROOKLYN (NEW Bldg.) & Cynthia Macawili to VISIT, Phone, E-Mail, and MARRY UNDER ROMAN CATHOLIC CANNON to Children."

Razzoli's August 11, 2011 letter fails to conform to the Court's August 2, 2011 Order. He still has not provided any particularized facts—specific defendants, instances, or details—that could sustain a First Amendment claim regarding his right to free exercise of religion. He mentions a Dr. Cohen in the context of psychiatric evaluations, but does not identify anyone whose acts or omissions may have deprived plaintiff of any First Amendment rights.

As neither the December 29, 2011 Amended Complaint nor the August 11, 2011 "Letter of Clarification" cure the deficiencies in the original complaint, the Court finds that the

complaint fails to state a claim and must be dismissed.

## **CONCLUSION**

For the reasons stated above, the civil action docketed as 10-CV-4269 is dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/CBA

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
September 21, 2011